IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                            DOCKET NO.: 1:07cr66LG-RHW-001

STEPHEN RANDALL LUXFORD

### REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR DOWNWARD DEPARTURE AND RESPONSE TO THE ADDENDUM TO THE PRESENTENCE REPORT

Neither side disputes the fact that the activities surrounding the crime to which defendant has pled were mutual as to the defendant and the victim. This mutuality has been admitted by the Government from bail hearing up to this very moment. Each of the parties met on adult websites, readily exchanged contact information, made thirty or forty telephone calls to each other, and eventually met on the Gulf Coast where they had consensual sex.

The defendant has not attempted to evade guilt, has pled guilty, has freely given a statement to the Probation Officer, where she decided that defendant was entitled to three points for acceptance of responsibility.

Because of this mutuality or concert of actions between the victim and the defendant, defendant's attorney felt that he should present for resolution by the Court an argument based on 5K2.10 of the guidelines for a downward departure. The Court, of course, has already received the Motion for Downward Departure, which, in the opinion of this writer suggests that defendant is accepting responsibility. In fact, the defendant states that on the second page of his two page

motion: "The defendant does not, of course, deny guilt and has entered a plea as such. But, defendant does ask the Court to conduct a proportionality analysis to determine whether the victim participated in such a way that defendant's behavior was provoked to the extent that a downward departure should be granted. If the Court so finds, defendant asks for a substantial downward departure."

Because of this Motion for a Downward Departure, the Probation Officer withdrew the 3 point decrease for acceptance of responsibility, and the prosecutor also accused the defendant of revoking his acceptance of responsibility.

As the Court knows, represented defendants rarely draft motions. This motion was done by the attorney. I can assure the Court that the defendant did not have the slightest idea that there was any connection between the Motion for a Downward Departure and his acceptance of responsibility. Although his attorney has heard of such a thing, his attorney did not intend for the present Motion for a Downward Departure to reach such an egregious level.

By way of argument, I feel that an attorney might be obligated to raise 5K2.10 in a proper case. Further, I know that neither the Probation Department, nor the Justice Department wishes to cast a chilling effect on a lawyer's obligation to represent his client within proper bounds no matter the case.

So, obviously, the mere fact of filing a proper Motion for a Downward Departure would not be used against the defendant to take away his acceptance of responsibility. If the points were taken away, it would thus have to be because of the wording of the motion. None of the wording was

defendant's. In this motion, I am asking the Court to allow the 3 points for acceptance of responsibility.

I apologize if I inadvertently phrased the motion in any offensive or improper way.

This motion is respectfully submitted.

/s/ Thomas E. Royals
THOMAS E. ROYALS

THOMAS E. ROYALS (MSB #5711)
THOMAS R. MAYFIELD (MSB #1968)
ROYALS & MAYFIELD, PLLC
120 N. Congress St., Ste. 500
Post Office Box 22909
Jackson, MS 39225-2909
601-948-7777 Telephone
601-948-7780 Facsimile

CERTIFICATE OF SERVICE

I, the undersigned, THOMAS E. ROYALS, attorney for defendant STEPHEN RANDALL LUXFORD, do hereby certify that I have this day filed with the Electronic Case Filing System a true and correct copy of the above and foregoing document which delivered copies to those listed on the ECF Filing System.

This the 4th day of October, 2007.

/ s/Thomas E. Royals
Thomas E. Royals